# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BJ'S MANICURED LAWN SERVICES, LLC | § § § | |
| vs. | § § | CIVIL ACTION NO. 5:19-cv-1224-OLG |
| S.A. LONE STAR TRUCK & EQUIPMENT INC. dba LONE STAR TRUCK & EQUIPMENT, and MERCEDES-BENZ FINANCIAL SERVICES USA, LLC | § § § § | |

## *S.A. LONE STAR TRUCK & EQUIPMENT, INC. DBA LONE STAR TRUCK & EQUIPMENT'S ORIGINAL ANSWER*

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW *S.A. Lone Star Truck & Equipment, Inc. dba Lone Star Truck & Equipment ("Lone Star")* filing this Original Answer and for cause will show:

## *I.*

## *INTRODUCTION*

1.  Lone Star denies it violated the *Motor Vehicle Information and Cost Saving Act 49 U.S.C. § 32701 et seq.*

2.  Lone Star denies it made material fraudulent representation to the Plaintiff, and denies it made these representations with intent to defraud the Plaintiff. Defendant asserts that it sold the 2014 Mitsubishi truck with the correct mileage displayed on the odometer. Lone Star even offered to give the money back to Plaintiff in exchange for the truck if he was unhappy. This was done very shortly after the sale.

## II.

## *JURISDICTION VENUE*

3.  Lone Star does not stipulate the Court has jurisdiction in this case but asserts that it did not violate any statute.

## III.

## *PARTIES*

4.  Lone Star admits the allegations contained in paragraph 4.

5.  Lone Star admits the allegations contained in paragraph5.

6.  Lone Star admits the allegations contained in paragraph 6.

7.  Lone Star denies that BJ is a transferee as defined at 49 C.F.R. § 580.30.

8.  Lone Star admits the allegation in paragraph 8 of the Original Complaint.

## IV.

## *FACTUAL ALLEGATIONS*

9.  Lone Star cannot admit or deny the allegations in paragraph 9. Discovery will be conducted. Subject thereto, deny.

10. Lone Star cannot admit or deny the allegations in paragraph 10. Discovery will be conducted. Subject thereto, deny.

11. Lone Star cannot admit or deny the allegation in paragraph 11. Discovery will be conducted. Subject thereto, deny

12. Lone Star admits the first sentence of paragraph 12. Denies the second sentence of paragraph referring the odometer status. Lone Star's title states what is believed to be the relevant part referred to by the Plaintiff of "Odometer Status" or actual manufacture or OHU and then state 146,155 miles 04/19/2018 ACTUAL.

13.  Lone Star denies the allegations contained in paragraph 13 of the Original Complaint

14.  Lone Star denies the allegations contained in paragraph 14 of the Original Complaint

15.  Lone Star cannot admit or deny the allegations contained in paragraph 15 of the Original Complaint. Discovery will be conducted. Subject thereto, deny.

16.  Lone Star cannot admit or deny the allegations contained in paragraph 16 of the Original Complaint. Discovery will be conducted. Subject thereto, deny.

## *DEFENDANT, LONE STAR LISTS THE VEHICLE FOR SALE*

17.  Lone Star admits the allegations in paragraph 17 of the Original Complaint.

18.  Lone Star cannot admit or deny the allegations in paragraph 18 of the Original Complaint. Discovery will be conducted. Subject thereto, deny.

19.  Lone Star has no way of knowing the allegations contained in paragraph 19 of the Original Complaint and can neither admit or deny.

20.  Lone Star admits the allegations contained in paragraph 20 of the Original Complaint.

21.  Lone Star admits the allegations contained in paragraph 21 of the Original Complaint except for the "daily simple interest rate of 9.99% per annum" for which it denies.

22.  Lone Star denies the allegations contained in paragraph 22 of the Original Complaint. In particular, Lone Star denies specifically trying to conceal a plastic cable behind the driver's dash. Lone Star was not trying to conceal anything. This was the wire going to the microphone for the Bluetooth stereo that was installed. It was routed through the dash and up the driver's side pillar.

23.  Lone Star admits the allegations contained in paragraph 23 of the Original Complaint but denies there were "any suspicion related to the vehicle".

24.  Lone Star admits the allegations contained in paragraph 24 of the Original Complaint.

25.     Lone Star denies that the vehicle had more than 98,630 additional miles when it was purchased. The statement on the Title Certificate is in accurate. This Defendant asserts that it sold this vehicle to the Plaintiff with the actual amount of mileage on this vehicle.

26.     Lone Star cannot admit or deny the accuracy of the allegations in paragraph 26 but has offered to purchase the vehicle back from the Plaintiff and return all its money.

## *INTENT TO DEFRAUD AND FRAUD*

27.     Lone Star denies the allegations in paragraph 27 of the Original Complaint.

28.     Lone Star denies the allegations contained in paragraph 28 of the Original Complaint. This Defendant asserts 47,119 actual miles was the actual miles and is not a false statement.

29.     Lone Star admits the allegation contained in paragraph 29 of the Original Complaint.

30.     Lone Star admits the allegations to paragraph 30 of the Original Complaint.

31.     Lone Star denies the allegations contained in paragraph 31 of the Original Complaint. Lone Star asserts that 47,525 was the actual miles on May 3, 2019.

32.     Lone Star denies the allegations contained in paragraph 32 of the Original Complaint.

33.     Lone Star denies the allegations contained in paragraph 33 of the Original Complaint.

34.     Lone Star denies the allegations contained in paragraph 34 of the Original Complaint.

35.     Lone Star denies the allegations contained in paragraph 35 of the Original Complaint.

36.     Lone Star denies the allegations contained in paragraph 36 of the Original Complaint.

## *PLAINTIFF DISCOVERS THE TRUE MILEAGE AND CONDITION OF THE VEHICLE*

37.     Lone Star denies the allegations contained in paragraph 37 of the Original Complaint.

38.     Lone Star denies the allegations contained in paragraph 38 of the Original Complaint.

39.     Lone Star denies the allegations contained in paragraph 39 of the Original Complaint.

40.     Lone Star admits the allegations contained in paragraph 40 of the Original Complaint.

41        Lone Star denies the allegations contained in paragraph 41 of the Original Complaint.

42.       Lone Star denies the allegations contained in paragraph 42 of the Original Complaint.

43.       Lone Star denies the allegations contained in paragraph 43 of the Original Complaint.

44.       Lone Star denies the allegations contained in paragraph 44 of the Original Complaint.

45.       Lone Star denies the allegations contained in paragraph 45 of the Original Complaint.

V.

## *CLAIM FOR RELIEF UNDER THE FEDERAL ODOMETER ACT*

46.       Lone Star is unable to admit or deny this allegation contained in paragraph 46 of the Original Complaint as it is not an allegation. To the extent any portion is an allegation, it is denied.

47.       Lone Star admits the allegation contained in paragraph 47 of the Original Complaint.

48.       Lone Star denies the allegations contained in paragraph 48 of the Original Complaint.

49.       Lone Star denies the allegations contained in paragraph 49 of the Original Complaint.

50.       Lone Star denies the allegations contained in paragraph 50 of the Original Complaint.

51.       Lone Star denies the allegations contained in paragraph 51 of the Original Complaint.

52.       Lone Star denies the allegations contained in paragraph 52 of the Original Complaint.

53.       Lone Star denies the allegations contained in paragraph 53 of the Original Complaint. In particular, Lone Star denies that it gave a false statement to the Plaintiff.

54.       Lone Star denies the allegations contained in paragraph 54 of the Original Complaint.

55.       Lone Star denies the allegations contained in paragraph 55 of the Original Complaint.

56.       Lone Star denies the allegations contained in paragraph 56 of the Original Complaint.

57.       Lone Star denies the allegations contained in paragraph 47 of the Original Complaint.

58.       Lone Star denies the allegations contained in paragraph 58 of the Original Complaint.

59.       Lone Star denies the allegations contained in paragraph 59 of the Original Complaint.

## VI.

## *TRIAL BY JURY*

60. Paragraph 60 is a demand for a trial by jury. Lone Star has no way of admitting or denying as it is not an allegation.

## VII.

## *VIN INQUIRY*

61. Attached to this answer as Exhibit "A" is a "VIN INQUIRY" which is incorporated by reference as if set forth at length. In the "Service History" of the attached is reflected at *33,444 miles* on December 14, 2016, *46,155 miles* on August 2, 2018 and *47,454 miles* on September 10, 2018. Lone Star did not even purchase this vehicle until June 21, 2018. The "actual" mileage of 146,155 on April 19, 2018 is clearly a "typo" and mistakenly places a "1" on the document. This can be seen through the "VIN INQUIRY".

63. Plaintiff is taking a "typo" and attempting to falsely manufacture a case.

## VIII.

## *NO ROLLING BACK OF DIGITAL ODOMETER*

64. Unlike the old days, there is no rolling back of a digital odometer. The vehicle that the Plaintiff bought had the miles as advertised. Lone Star did not manufacture or roll back any of the mileage. Plaintiff is simply taking a typo within the vehicle history report and attempting to falsely manufacture a case where none exist. Plaintiff incurred no harm by Lone Star. In fact, Lone Star offered to accept the vehicle in return and refund Plaintiff's all of his funds used to purchase the vehicle.

## IX.

## *PRAYER*

WHEREFORE PREMISES CONSIDERED Lone Star prays that this Court, after notice and a hearing, render a judgment for the following:

1. a take nothing judgment against the Plaintiff;

2. award this Defendant its attorney fees and costs;

3. award this Defendant prejudgment and post-judgment interest at the maximum rate allowed by law;

4. award this Defendant general relief; and

5. grant this Defendant such other and further relief to which it may show itself justly entitled.

Respectfully Submitted,

HAYDEN & CUNNINGHAM, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
Telephone (210) 826-7750
Facsimile (210) 822-0916

By: _____
D. WADE HAYDEN
State Bar No. 00784230
whayden@7750law.com
Attorney for S.A. Lone Star Truck & Equipment dba Lone Star Truck & Equipment

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing S.A. Lone Star Truck & Equipment dba Lone Star Truck & Equipment's Original Answer was served by via email on the 26th day of November, 2019 to the following as indicated:

Dana Karni  
Karni Law Firm, P.C.  
4635 Southwest Freeway, Suite 645  
Houston, Texas 77027

Via Email: Dana@KarniLawFirm.com

D. WADE HAYDEN

# EXHIBIT "A"



**MITSUBISHI FUSO
TRUCK OF AMERICA, INC.**

2015 Center Square Road
Logan Township, NJ 08085
Phone: (856) 467-4500

**VIN INQUIRY**

Open Recall   Vehicle Information   Vehicle Options   Owner Information
Warranty & Optional Service Coverage   Service History

**OPEN RECALLS** on VIN: JL6BPH1A2EK003348

No Open Recalls

**VEHICLE INFORMATION** on VIN: JL6BPH1A2EK003348    ^top

| Vin: JL6BPH1A2EK003348 | Model Year: 14 | Delivery Date: 08/22/14 | Date Built: 08/26/13 | Ignition Key: 65447 |
|---|---|---|---|---|
| Chassis No: FEC72H D20026 | Engine No: 4P10 A78714 | Series: FEC72W | K-Model: FEC72HL3WUHD | Wheel Base: 169.3 |
| Transmission Code: 6-Speed Auto-Mechanical Trans | Trans Serial No: ZG83029 | Body Code: | Body Serial No: | Body Completion Date: 00/00/00 |
| Port: BAL | Status: RETAIL DELIVERY REPORTED | Ordering Dealer: D2152 | Order No. / Date: 0804949   12/06/13 | Stock/Selling Dealer: D2152 |

**VEHICLE OPTIONS** on VIN: JL6BPH1A2EK003348    ^top

Vin: JL6BPH1A2EK003348 Model Year: 14 Delivery Date: 08/22/14

| Option | Description | Install Location | Install Date | Mileage | User |
|---|---|---|---|---|---|
| ACF | FACTORY AIR | Factory | 0/00/00 | | |
| AT | PORT ASSEMBLY | Port | 0/00/00 | | |
| BKF | COLOR BLACK | Factory | 0/00/00 | | |
| LC | COMBINATION MIRRORS (W/CONVEX) | Port | 12/10/13 | | |
| MA | FLOOR MATS | Port | 12/10/13 | | |
| PD | PRE-DELIVERY INSPECTION | Port | 12/10/13 | | |
| RO | CLARION BLUETOOTH RADIO | Port | 12/10/13 | | |

**OWNER INFORMATION** on VIN: JL6BPH1A2EK003348    ^top

Vin: JL6BPH1A2EK003348 Transfer Date: 00/00/00 Delivery Date: 08/22/14 Sale Type: 01

| Current Owner | |
|---|---|
| Name: | NELSON SUAREZ DBA PERFECT LAND |
| Street: | 1654 SW CROSSING CIRCLE |
| City: | PALM CITY |
| State: | FL   34990 |
| Phone: | 561-633-3521 |

**WARRANTY & OPTIONAL SERVICE COVERAGE** on VIN: JL6BPH1A2EK003348    ^top

Optional Service Plan: NO OSP ASSIGNED Transfer Date: 00/00/00

| Warranty Description | Months | Mileage | Parts | Labor |
|---|---|---|---|---|
| DUONIC TRANS US | 60 | 175,000 | 100% | 100% |

| | | | |
|---|---|---|---|---|
| ANTI-CORROSION | 48 | 999,999 | 100% | 100% |
| EMISSION DEFECT | 60 | 50,000 | 100% | 100% |
| BATTERIES | 12 | 999,999 | 100% | 100% |
| ENGINE COVERAGE | 60 | 175,000 | 100% | 100% |
| BASIC COVER US | 36 | 999,999 | 100% | 100% |

## SERVICE HISTORY on VIN: JL6BPH1A2EK003348

^top

| Service Information | | | | Failure Information | | Dealer Information | | | MFTA |
|---|---|---|---|---|---|---|---|---|---|
| Date | Type | Miles | KM | Operation | Part No. | Code | Name | Ref No. | Claim No. |
| 02/12/15 | R | N/A | N/A | RECALL | C1006710 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 87084B | 141M |
| 02/12/15 | R | N/A | N/A | RECALL | C1006810 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 87084C | 141N |
| 02/12/15 | R | N/A | N/A | RECALL | C1007000 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 87084D | 141P |
| 02/12/15 | R | N/A | N/A | RECALL | C1007010 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 87084D | 141Q |
| 02/12/15 | R | N/A | N/A | RECALL | C1007420 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 87084E | 141R |
| 11/28/16 | R | N/A | N/A | RECALL | MF000005 | D1099 | MFTA, SERVICE DEPT. | EXPIRED | 1116 |
| 12/14/16 | R | N/A | N/A | RECALL | C1007920 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 91766E | 190B |
| 12/14/16 | R | N/A | N/A | RECALL | C1008225 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 91766F | 190C |
| 09/10/18 | R | N/A | N/A | RECALL | C1008424 | D1099 | MFTA, SERVICE DEPT. | 1809570650 | 3Z34 |
| 12/14/16 | W | 33444 | 53822 | 551100 | ME751399 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 91766B | 189Z |
| 12/14/16 | W | 33444 | 53822 | 138301 | ML216818 | D2152 | MJM BACHRODT/MJ TRUCKNATION | 91766C | 190A |
| 08/02/18 | W | 46155 | 74279 | 07206 | QC000543 | D2089 | DIESEL SPECIALISTS OF ORLANDO | 35196 | 201808550326 |
| 09/10/18 | R | 47454 | 76370 | | | D3091 | LONE STAR TRUCK & EQUIPMENT | 25116 | 201809570650 |

^top